REPUBLIC OF HAWAII, BY N. C. WILLFONG, DEP-
UTY TAX ASSESSOR *v.* HENRY WEST.

REPUBLIC OF HAWAII, BY N. C. WILLFONG, DEP-
UTY TAX ASSESSOR *v.* E. KEKOA.

ACTIONS WITH ARREST FOR NON-PAYMENT OF PERSONAL
TAXES.

SUBMITTED MARCH 21, 1895.          DECIDED APRIL 2, 1895.

JUDD, C.J., BICKERTON AND FREAR, JJ.

The Assessor in Chief, being paid a regular salary, has no pecuniary
interest in a suit for the collection of taxes.

The Republic of Hawaii is the party plaintiff in such suits.

The Circuit Judge, being the father of the Assessor in Chief, is not
disqualified to sit in such a case, under Article 89 of the Consti-
tution.

OPINION OF THE COURT BY BICKERTON, J.

These two cases were argued together and are on the same
question, reserved by Circuit Judge Austin of the Fourth Cir-
cuit Court.

A judgment was had against both the above named defend-
ants in the District Court of Hilo, Hawaii, and an appeal taken
to the said Circuit Court. There the defendants objected to
the jurisdiction of the Court on the ground "that the presiding
Judge is father of the Tax Assessor of Hawaii, whose repre-
sentative the deputy is, and therefore being the real plaintiff,
he is not allowed to sit for the reasons stated in the Constitution."

The only question for us is—Is the Judge of the Fourth Judicial Circuit Court disqualified from hearing these cases, they being actions for the collection of personal taxes, for the reason that he is the father of the Assessor in Chief (Mr. H. C. Austin) for the taxation division which includes the Fourth Judicial Circuit?

Article 89 of the Constitution is as follows:

"No person shall sit as a judge or juror in any case in which his relative by affinity, or by consanguinity within the third degree, is interested, either as plaintiff or defendant or in the issue of which the said judge or juror may have, either directly or through such relative, any pecuniary interest."

We are unable to see how the cases at bar can be construed to come within this Article of the Constitution, or that the said Judge is in any way disqualified.

The Judge's son (the Assessor in Chief) is not a party; the party plaintiff in these cases is the Republic of Hawaii represented by N. C. Willfong, deputy collector, and it is claimed that Mr. Willfong is related to the Judge. The Assessor in Chief is paid a regular salary which does not depend upon the amount of collections, and consequently has no pecuniary interest in the case; therefore his father, the Judge, cannot have "either directly or through such relative, any pecuniary interest."

It is true the deputy tax collector has a pecuniary interest in the issue, but that does not disqualify the Judge.

These cases are remanded to the Fourth Judicial Circuit Court for trial.

*A. G. M. Robertson*, Deputy Attorney-General, for plaintiff.
*S. K. Kane*, for defendant, E. Kekoa.